UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
ALFREDO RODRIGUEZ and              :
EMILIA RODRIGUEZ,                  :
                                   :
            Plaintiffs,            :     **MEMORANDUM AND ORDER**
                                   :     08-CV-0046 (JFB)(AKT)
       – against –                 :
                                   :
JADDIE STEWART AGENCY INC.,        :
DANIEL S. STEWART, JR.,            :
DANIEL STEWART, SR.,                :
FELICIA OSAVIO, JANE DOES, and     :
SAFETY NATIONAL CASUALTY           :
CORPORATION,                       :
                                   :
            Defendants.            :
                                   :
----------------------------------X

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Alfredo Rodriguez ("plaintiff" or "Rodriguez") brought the above-captioned lawsuit, on behalf of himself and his mother, Emilia Rodriguez, against the above-captioned defendants, including Safety National Casualty Corporation ("SNCC"), in connection with the failure to return certain bail money, posted by plaintiff's mother and another party as collateral in connection with a prosecution of plaintiff in State of New York, Suffolk County.

Defendant SNCC now moves for an order dismissing plaintiff's Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction. For the reasons set forth herein, defendant's motion is granted and the lawsuit is dismissed against SNCC, as well as the other defendants, for lack of subject matter jurisdiction.

1

I. BACKGROUND

A. Facts

The following facts are taken from the Amended Complaint ("Amended Compl."), as well as the documents attached to the initial Complaint ("Compl."),[1] and are not findings of fact by the Court, but rather are assumed to be true for the purpose of deciding this motion and are construed in a light most favorable to plaintiff, the non-moving party.

*Pro se* plaintiff alleges, in relevant part, the following:

> On or before June 2003, Suffolk County Court, Honorable Michael F. Mullen, (SCJ) issued cash or bond bails upon the principal-plaintiff[2] amounting to $50,000.00 under case number 0668-98. On or about September 22, 2003, the plaintiffs made contact with the Agents and discussed the criterion for Bail Bond. The Agents and the Plaintiffs agreed to a total cash deposit of approximately $22,500.00 dollars for the bond and release of the Principal-plaintiff. The Principal-plaintiff contacted a friend named Mickey Forde (who he met while awaiting trial at the Riverhead, Suffolk County Jail) and asked him for a loan to assist in the cash bond deposit. He consulted with his father, Mr. Hal W. Forde, who agreed to a $5,000.00 loan in which the principal was obligated to pay back. Thus, the basis for Mr. Forde's deposit of a $9,000.00 check. On or about September 29, 2003 the principal was released to the bond and was required to affix his signature to an 'Indemnity Agreement for surety bail-bond and an 'Assuming Specific Obligation' was had before the Agents. Pursuant to this Bond, those obligations and conditions were met on December 1, 2003, when he surrendered to the State court for re-sentencing. On or before the issuance of a second bail-bond ordered the New York

---

[1] The Court notes that "[f]or purposes of a motion to dismiss, [the Second Circuit] ha[s] deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . ." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citing *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989)); *see also Stuto v. Fleishman*, 164 F.3d 820, 826 n.1 (2d Cir. 1999) (citing *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996)) (same). Here, the plaintiff attached various documents to his initial Complaint and the Court has considered such documents. Although not designated as separate exhibits, the Court will cite to each document by the page numbers on the bottom right corner of each page.

[2] "Principal-plaintiff" is a reference to Alfredo Rodriguez.

> State Supreme Court, Second Judicial Department, Appellate Division for $75,000.00. The Plaintiffs again engaged in dialog [sic] with Daniel Stewart, Jr., from the Jaddie R. Stewart Bail-Bond Agency. An agreement was made to have the first bond, and the returnable cash deposits, consolidated with the current bond with an additional posted cash of $9,000.00 dollars. Mrs. Rodriguez, in fact, handed the defendants an additional $9,000.00 dollars. On or about February 4, 2004 the Principal was released to the bond and was required to affix his signature to an 'Indemnity Agreement for surety bail-bond and an "Assuming Specific Obligation' was had before the Agents. Pursuant to this Bond, those obligations and conditions were met on August 9, 2006, when he surrendered to the State court for re-sentencing.

(Amended Compl. ¶¶ 5-12) (footnotes omitted). Although all of the details of this dispute are unclear, it appears from the allegations in the Amended Complaint and the numerous documents accompanying the initial Complaint that Emilia Rodriguez ("Ms. Rodriguez"), who is plaintiff's mother, engaged the services of a bail bondsman, identified in the Amended Complaint as Jaddie Stewart Agency (the "Agency"), to post a bail bond and obtain plaintiff's release. More specifically, it is alleged that Ms. Rodriguez and another party, Hal Forde, deposited cash collateral for two bail bonds – one for the underlying criminal case, and the second for bail pending appeal before the Appellate Division, Second Department. Based upon the bail bonds obtained by Ms. Rodriguez and Mr. Forde, plaintiff was released from custody. There is no allegation that plaintiff violated the terms of his release such that there was any forfeiture as to the subject collateral. Instead, it appears that a dispute developed after plaintiff surrendered for re-sentencing, thereby satisfying his bail conditions. In particular, it appears from the documentation supplied by plaintiff that defendants have taken the position that the money has already been returned. (Compl., at 25.)

Plaintiff now seeks monetary damages in connection with the approximately $31,500 in bail money from the state court actions that allegedly is wrongfully being withheld by the defendants.

3

B. Procedural History

On January 3, 2008, plaintiff Alfredo Rodriguez filed the instant action. On March 20, 2008, defendant SNCC requested a pre-motion conference in connection with its proposed motion to dismiss for lack of jurisdiction. On March 28, 2008, plaintiff requested the opportunity to file an amended complaint and, on April 3, 2008, the Court granted that request. On April 14, 2008, plaintiff withdrew the request to file an amended complaint. On April 21, 2008, defendant SNCC filed its motion to dismiss for lack of jurisdiction. On May 8, 2008, plaintiff requested the opportunity to file an amended complaint. On May 27, 2008, the Court conducted a telephonic conference during which the jurisdictional issues were discussed, and a new briefing schedule for the motion to dismiss was set. On June 25, 2008, plaintiff filed the Amended Complaint which, among other things, added Emilia Rodriguez as a plaintiff. On July 14, 2008, defendant SNCC renewed its motion to dismiss. Plaintiff did not respond to that motion. The Court has fully considered the submissions of the parties.

II. STANDARD OR REVIEW

The defendant has moved to dismiss both under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but we are not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent.*

4

*Schs.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* (citations omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). The Court may also raise the issue of subject matter jurisdiction at any time *sua sponte*. *See, e.g., McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001) ("Whether a federal court has subject matter jurisdiction is a question that may be raised at any time . . . by the court *sua sponte*.") (internal quotation marks omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility' standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, – U.S. – , 127 S.Ct. 1955, 1969 (2007). The Court does not, therefore, require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

"A court presented with a motion to dismiss under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6) must decide the 'jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'" *Coveal v. Consumer Home*

*Mortgage, Inc.*, No. 04-CV-4755 (ILG), 2005 U.S. Dist. LEXIS 25346, at *7 (E.D.N.Y. Oct. 21, 2005) (quoting *Magee v. Nassau County Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998)); *see also Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (noting that a motion to dismiss for failure to state a claim may be decided only after finding subject matter jurisdiction).

Moreover, as the Second Circuit recently emphasized in *Sealed Plaintiff v. Sealed Defendant*, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally . . . . This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings . . . . This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated. Accordingly, the dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." 537 F.3d 185, 191 (2d Cir. 2008) (citations and quotation marks omitted); *see also Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (holding that when plaintiff is appearing *pro se*, the Court shall "'construe [his complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'") (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)); *accord Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir. 2004).

III. DISCUSSION

Defendant SNCC argues that dismissal is warranted because of the following: (1) plaintiff does not have standing to attempt to collect money posted as bail by his mother (or another individual) and, as a *pro se* plaintiff, cannot represent his mother in connection with this lawsuit; and (2) there is no diversity of citizenship between the parties and no federal question jurisdiction in the instant case. As set forth below, the Court agrees and dismisses the case against SNCC and *sua sponte* against the other defendants for lack of subject matter jurisdiction.

A. No Standing and Inability to Proceed *Pro Se* on Behalf of Plaintiff's Mother

Under Article III, standing to bring a lawsuit in federal court is limited to a plaintiff who "show[s] that the conduct of which he complains has caused him to suffer an 'injury in fact' that a favorable judgment will redress." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004); *see also Ziemba v. Rell*, 409 F.3d 553, 555 (2d Cir. 2005). Further, among other standing requirements, "a plaintiff's alleged injury must be an invasion of a concrete and particularized legally protected interest." *McConnell v. Fed. Election Comm'n*, 540 U.S. 93, 227 (2003); *see also Ziemba*, 409 F.3d at 554.

It is abundantly clear from the plaintiff's Amended Complaint and the documents attached to the initial Complaint that plaintiff is not seeking to recover money that he posted with the defendants; rather, he is seeking the return of the bail money and other monetary damages based upon the failure to return money posted by his mother and another third party. (*See* Compl. at 22) ("My Mother (Mrs. Emilia Rodriguez) and a friend (Mr. Hal Forde) deposited cash totalling $22,500.00 (Twenty-Two Thousand and Five Hundred Dollars) collateral for a bond for myself (power #S100-777 156), under Suffolk County Case Number 0668-98 . . . . Mrs. Rodriguez was told

by Mr. Daniel Stewart that in order to process this second bond, an additional $9,000.00 cash deposit would be required. My mother presented him with the $9,000.00 cash for deposit."); (*see also* Compl. at 18) ("So far, my mother gave the Bondman a total of about $26 to 27,000.00 dollars. Not including Mr. Forde's $5,000.00 dollars. The total of both Bonds are 31 to 32,000.00 (Thousand Dollars)."). Under such circumstances, because plaintiff has no legal interest in the property that is the subject of this lawsuit, plaintiff has no standing to raise any claims regarding that bail money or the return of that bail money in this civil lawsuit. *See generally United States v. All Funds on Deposit at Citigroup Smith Barney Account No. 600-00338*, No. 06-CV-3730 (NGG), 2007 WL 2687660, at *10 (E.D.N.Y. Sept. 10, 2007) ("A marital or familial relationship, alone, however, is insufficient to establish an individual's standing to contest a forfeiture proceeding involving the spouse or family member's property. The mere fact that an individual is related to a property owner in no way conveys the type of ownership or possessory interest that is sufficient to establish standing."); *accord Turner v. Coughlin*, No. 89-CV-772, 1990 WL 179008, at *5 (N.D.N.Y. Nov. 14, 1990) (holding that plaintiff had no standing to sue and assert rights on behalf of family members). Instead, any such claims related to that bail money should be brought by Ms. Rodriguez or Mr. Forde.

Recognizing the lack of standing in this lawsuit, *pro se* plaintiff attempts to add his mother, Ms. Rodriguez, as a plaintiff in his Amended Complaint and signed the Amended Complaint on her behalf. Thus, *pro se* plaintiff appears to be attempting to represent his mother in connection with this lawsuit and file a lawsuit on her behalf. In fact, it is unclear, because Ms. Rodriguez did not sign the Amended Complaint, whether she is even aware that a lawsuit has been filed with her as a named plaintiff. However, it is axiomatic that a *pro se* plaintiff can only represent himself and may not

appear on someone else's behalf. *See, e.g., Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."); *accord Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). Therefore, plaintiff is not permitted to add Ms. Rodriguez and represent her in order to overcome his lack of standing in this case. Accordingly, this lawsuit must be dismissed for lack of subject matter jurisdiction because the plaintiff, Alfredo Rodriguez, lacks standing to sue.

## B. No Basis for Federal Jurisdiction

Even assuming *arguendo* that plaintiff has standing to sue or bring this lawsuit on his mother's behalf, the lawsuit must be dismissed for lack of subject matter jurisdiction.

### (1) Diversity of Citizenship Jurisdiction

In order to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff "must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $ 75,000." *Cazaubon v. Korean Airlines Co.*, No. 07-CV-2197 (NGG) (JO), 2007 U.S. Dist. LEXIS 40080, at *3 (E.D.N.Y. Jun. 1, 2007) (citing 28 U.S.C. § 1332(a) and *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.")); *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.") (citing *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975)). Moreover, it is axiomatic that federal courts only have diversity jurisdiction when there is complete diversity between the parties – that is, when all plaintiffs are citizens of different states from all defendants.

9

*See* 28 U.S.C. § 1332; *see also Rader v. Manufacturers Casulaty Ins. of Philadelphia, PA,* 242 F.2d 427 (2d Cir. 1957) ("For Section 1332(a) to be effective, it must appear from the record that all parties on one side are of citizenship diverse to that of those on the other side. The diversity of citizenship requisite to federal jurisdiction exists where the defendants are all citizens of states other than that of plaintiff."); *accord Advani Enters., Inc. v. Underwriters At Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).

In the instant case, it is clear that no such diversity of citizenship exists. Specifically, plaintiff asserted in the initial Complaint that he is a resident of the State of New York and that one of the defendants, The Jaddie R. Stewart Agency, is incorporated in New York State. (Compl. ¶¶ 4, 6.) Given the lack of complete diversity of citizenship,[3] plaintiff does not attempt to rely upon diversity of citizenship in his Amended Complaint, but rather seeks to invoke federal question jurisdiction. However, as discussed below, there is also no basis for federal question jurisdiction over this dispute between private parties regarding bail money that was posted in a state court proceeding.

(2) Federal Question Jurisdiction

A case may be filed in federal court "'when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Vera v. Saks & Co.,* 335 F.3d 109, 113 (2d Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see* 28 U.S.C. § 1331. A well-pleaded complaint may raise a federal question either by (1) asserting a federal cause of action, or (2) presenting state claims that "'necessarily raise a stated federal issue, actually disputed and

---

[3] Moreover, it does not appear plaintiff could allege in good faith that the amount in controversy exceeds $75,000, as required under 28 U.S.C. § 1332(a), because the bail money at issue appears to be approximately $32,000.

substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

*Pro se* plaintiff attempts to invoke the Court's federal question jurisdiction "pursuant to 28 USCA §1345, arising under 28 USCA §1352 and 18 USCA §§ 1961-86." (Amended Compl. ¶ 1.) As to his specific claims, plaintiff asserts claims for "fraud, misrepresentation, concealment of material facts, recession, damages in interest and punitive, interstate commerce violation and R.I.C.O. privisions [sic]." (Amended Compl. ¶ 1.) For the reasons stated below, the Court finds that no federal question jurisdiction exists in this case.

First, 28 U.S.C. § 1352 confers jurisdiction on federal courts as to "any action on a bond executed *under any law of the United States . . . .*" 28 U.S.C. § 1352 (emphasis added). However, jurisdiction is limited to bonds executed under the laws of the United States within the meaning of the statute. *See Rader,* 242 F.2d at 419; *see also American Casualty Co. of Reading, PA v. Heartland By-Products, Inc.*, No. 02 Civ. 4701 (PKL), 2003 WL 740866, at *2 (S.D.N.Y. March 4, 2003) (no federal question jurisdiction on action arising from indemnification agreement associated with bond). In the instant case, it is abundantly clear from the amended complaint (and the documents attached to the initial complaint) that the bail bond for which plaintiff is seeking a refund of collateral was posted in connection with a state court case under the laws of New York State. Neither the United States nor any of its subdivisions or agencies had anything to do with the posting of this bond – namely, no federal entity required that the bond be posted, no federal entity was a beneficiary of the bond, and the bond was not related to any federal court litigation. Instead, the

bond involved private entities in connection with state court litigation under the laws of New York State, not the laws of the United States. Under such circumstances, there is no federal question jurisdiction under Section 1352.

Second, although the amended complaint attempts to invoke the Court's jurisdiction under 28 U.S.C. § 1961 through 1986, none of those sections provide a basis for federal question jurisdiction. Section 1961 through Section 1963 pertain to interest on money judgments, liens, and enforcement of judgments, respectively, and do not provide a basis for federal jurisdiction in this case. Similarly, Section 1964 relates to constructive notice of pending actions regarding real property and also does not provide a basis for jurisdiction. Other than those sections, there are no other sections in Title 28 within the range cited above by the plaintiff.

Third, to the extent plaintiff was attempting to cite Title 18 United States Code (rather than Title 28) in connection with his effort to assert a civil RICO claim, that proposed claim is utterly frivolous on its face and cannot be used to open the jurisdictional doors of the federal court to a litigant whose claims are clearly state law claims. The Court recognizes that "[w]here the complaint 'is so drawn as to seek recovery directly under the Constitution or laws of the United States,' the district court must entertain the suit unless the federal claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Spencer* v. *Casavilla*, 903 F.2d 171, 173 (2d Cir. 1990) (quoting *Bell v. Hood,* 327 U.S. 678, 681, 682-83 (1946)); *accord Lyndonville Savings Bank & Trust Co. v. Lussier*, 211 F.3d 697, 701 (2d Cir. 2000). In the instant case, even construing the complaint liberally, it is clear to this Court that plaintiff's civil RICO claim is insubstantial, frivolous, and was made for the purpose of obtaining jurisdiction. There is absolutely no factual or legal basis to assert that a dispute with a bail

bondsman in connection with a state court case can possibly give rise to a civil RICO claim, including, among other things, its requirements for an "enterprise" and a "pattern of racketeering activity." In fact, the initial complaint did not even assert a RICO claim; rather, the claim was only added to the Amended Complaint after plaintiff realized that there was no diversity of citizenship and that federal jurisdiction was lacking. Therefore, because the frivolous RICO claim is a blatant effort by plaintiff to create federal jurisdiction where none exists, the purported RICO claim does not provide a basis for federal court jurisdiction. *See, e.g., Nachbaur v. Weiss*, No. 01 Civ. 0588 (NRB), 2001 WL 83233, at *2 (S.D.N.Y. Jan. 31, 2001) (holding that purported RICO claim was frivolous and dismissing complaint *sua sponte* for lack of subject matter jurisdiction).

Finally, because the plaintiff is *pro se*, the Court has carefully considered the Amended Complaint and the documents annexed to plaintiff's initial Complaint to ascertain whether there is some other possible basis for federal question jurisdiction beyond the statutes cited by plaintiff. However, no such federal statute exists for a dispute between private parties over a state court bond. *See, e.g., Lemmons v. Tranbraw*, 425 F. Supp. 496, 499 (E.D. Tenn. 1976) (rejecting plaintiff's attempt to invoke federal court's jurisdiction under 42 U.S.C. §1983 in connection with plaintiff's effort to recover bond money posted in a state court case).

In sum, there is no diversity of citizenship or federal question jurisdiction in this case. Instead, this matter should have been brought by plaintiff in state court. Accordingly, given the lack of subject matter jurisdiction, dismissal under Rule 12(b)(1) is warranted.

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss this lawsuit, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction is granted. Moreover, for

13

the same reasons, the Court also dismisses *sua sponte* this action against the other defendants for lack of subject matter jurisdiction. Thus, the action is dismissed as to all defendants. The Clerk of the Court shall enter judgment accordingly and close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: January 28, 2009
Central Islip, NY

Plaintiff appeared *pro se*: Alfredo Rodriguez, 00-A-4723, Orleans Correctional Facility, 35-31 Gaines Basin Road, Albion, New York 14411-9199. The attorney for defendant SNCC is: Michael F. Rubin, Kelly & Rubin, LLP, 275 Seventh Ave., 8th Floor, New York, New York 10001.